UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                           Criminal Case No. 17-20469

Carlos Ross,                      Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Carlos Ross ("Defendant") was convicted of Use and Carrying of a Firearm During and in Relation to a Drug Trafficking Crime Causing Death and Crimes of Violence Causing Death and was sentenced to 18 years in prison. The matter is currently before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to Use and Carrying of a Firearm During and in Relation to a Drug Trafficking Crime Causing Death and Crimes of Violence Causing Death, in violation of 18 U.S.C. §§ 924(c); 924(j) and 2. On January 30, 2020, this Court sentenced Defendant to an 18-year prison term. (ECF No. 216).

On December 21, 2021, Defendant filed a *pro se* Motion for Compassionate Release. (ECF No. 246). Defendant is a 30 year-old black male. His motion contends that the COVID-19

pandemic, combined with his alleged health condition (asthma) and his alleged mental health issues (anxiety and an unspecified social disorder) constitute extraordinary and compelling reasons for his immediate release from prison.

The Government opposes Defendant's motion on the merits, noting that Defendant is now fully vaccinated. The Government also states that Defendant's medical records indicate his asthma is "mild intermittent" and not the kind of moderate or severe asthma that presents a higher risk of serious illness or death from COVID-19 in any event. The Government further asserts that the motion should be denied because a consideration of the § 3553(a) factors weighs against release in this case.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant argues that his request for compassionate release should be granted because the ongoing pandemic, combined with his medical conditions, constitutes extraordinary and compelling circumstances.

This Court continues to agree with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

And notably, Defendant previously contracted the virus, and recovered from it. Moreover, Defendant has now been fully vaccinated. This Court concludes that Defendant's incarceration during the pandemic – when he has been fully vaccinated – does not present an "extraordinary and compelling" reason warranting a sentence reduction in this case. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

Accordingly, this Court concludes that Defendant has not established "extraordinary and compelling" reasons for a sentence reduction.

This Court also believes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons

3

exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offense *weigh strongly* against his release. Defendant was involved in a brutal murder. Defendant also has a lengthy criminal history. Defendant's long remaining sentence also weighs heavily against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

In addition, as the Government notes, Defendant has received multiple disciplinary infractions while in prison, including possession of dangerous weapons, possessing drugs/alcohol, and assaulting and biting staff.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: April 18, 2022